TRANSPORT, The (QUINN v.). See Case No. 11,516.

---

## Case No. 14,140.

### Ex parte TRAPHAGEN.

### In re ELY.

[1 N. Y. Leg. Obs. 98.]

District Court, S. D. New York. Nov., 1842.

BANKRUPTCY — DISCHARGE — WHO MAY OPPOSE — PERSONS IN INTEREST.

Where a claim is contingent and unliquidated, so as not to be capable of being proved as a debt, it is sufficient to entitle the creditor to look to the disposition of the estate of the bankrupt, and places such creditor amongst "other persons in interest" besides creditors (who have proved their debts) authorized by the fourth section of the bankrupt act [of 1841 (5 Stat. 443)] to show cause against the discharge of the bankrupt.

This was a case on exceptions to objections filed to the discharge of the bankrupt [John Ely], and was submitted on the papers and briefs of the respective counsel.

E. H. Ely, for bankrupt.

Benedict & Belknap, for creditor.

BETTS, District Judge. Mrs. Traphagen filed objections to the discharge of the bankrupt. Exceptions were taken to these objections, on the ground that Mrs. Traphagen was not a creditor, and therefore not a competent party to interpose an opposition to his discharge. The objections and exceptions were referred to Commissioner Radcliff, and from his report of proofs it appears that the bankrupt, on the 9th of March, 1835, executed a bond and mortgage to Mrs. Traphagen, to secure the payment of $2,500. That on the 1st of May, 1836, Mrs. Traphagen assigned that bond and mortgage to a Mr. Simpson, as a collateral security for a note of hand of $200, and also for the payment of rent and taxes on a house leased her by Simpson. On the 14th of May, 1836, Simpson assigned his interest in the bond and mortgage to Jacob Crane. In 1841 a suit was brought on the bond in the name of Mrs. Traphagen, but at the cost and under the direction of Crane, and judgment was rendered thereon against the bankrupt for $1,400, debt and costs. Crane's claim against Mrs. Traphagen was then about $1,000, independent of a bill of costs of $70 in a suit of Simpson against him, and the residue of the judgment belonged to her. Crane also paid the costs on the judgment $127.27, and if these two bills of costs were deducted from the judgment there would stand due to her, on its face, somewhere about $200. On the 12th of April, 1841, Mrs. Traphagen, under a creditors' bill in chancery prosecuted against her by Messrs. Graham, and in obedience to an order in that suit, executed an assignment of all her estate and effects to a receiver, but the receiver never actually took possession of anything under the assignment, and the creditors' bill is in contestation between her and the complainants therein. Mrs. Traphagen is still indebted to Mr. Crane, to the full of his claims.

The counsel for the bankrupt contends that the assignment made to Simpson was to become absolute on her failing to make the payments stipulated, and that her default in that respect vested the entire interest in the bond and mortgage in him and Crane, as his assignee. This would not be the construction of those conveyances. The bond and mortgage are not dealt with as a purchase, nor does Simpson acquit Mrs. Traphagen of any part of her original indebtedness in consideration of holding the bond and mortgage. He brought his action and recovered judgment against her for the full amount of his demand, which is inconsistent with the idea that he took the bond and mortgage as absolute property. But, however strong and positive the terms of assignment might be, if the whole transac-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tion denoted that it was made for the purpose of securing a debt or liability, and not as a sale, chancery would control the authority of the assignee, and compel him to deal with it merely as a security. 2 Story, Eq. Jur. p. 287, §§ 1018, 1019. The evidence, however, shows that this was so regarded by the parties, and that Mr. Crane only claimed out of the securities the amount of Mrs. Traphagen's indebtedness to him. The assignment to the receiver cannot divest her interest in this claim, the property being merely deposited in the custody of the court of chancery, until the rights of the parties are definitely settled. No decree having yet been rendered as to the right, and the receiver not having disposed of this interest by sale or sequestration in any form, and no decision being yet had on the merits of the creditors' bill, there must be considered to be a right to the debt yet subsisting in Mrs. Traphagen. She would, accordingly, as judgment creditor, having a legal and equitable title to part of the amount of the judgment still appertaining to her, possess the capacity to appear and oppose the discharge of the bankrupt.

It may, however, be further observed that if the operation of the assignments of Simpson and Crane, and that to the receiver, should transfer the indebtedness of the bankrupt from her to those assignees, so that she could no longer appear against him upon that debt as a creditor, yet clearly her interest in the fund is not extinguished; and if the money could be made from the bankrupt, there would, after satisfying the demand of Mr. Crane, be a surplus which would be applied to her advantage on the creditors' bill, or, if that demand is displaced, be restored through an order of the court of chancery by the receiver to her. This interest in the matter, though so far contingent and unliquidated as not to be capable of being proved as a debt, would well entitle her to look to the disposition of the estate of the bankrupt, and would place her at least amongst "other persons in interest" besides creditors (who have proved their debts) authorized by the fourth section of the bankrupt act to show cause against the discharge of the bankrupt.

I think, accordingly, the exceptions to the objections must be overruled.